## Sweitzer v. Nonemaker

*Norman Lubin,* for plaintiffs.
*Charles Rosamilia, Jr.,* for defendants.

BROWN, *P.J.,* June 26, 1980—Plaintiffs are the owners of a tract of real estate situate in Wayne Township, Clinton County, Pa. The premises in question have been occupied by defendants for a number of years while the property was in the ownership of an estate of which one of defendants, Margaret Nonemaker, was an heir. Following their acquisition of the property on October 4, 1979, plaintiffs in an effort to secure possession of the same instituted proceedings before District Justice of the Peace Carl Hamberger. Following a hearing in those proceedings possession of the property was awarded to plaintiffs on March 3, 1980. Subsequently, on March 14, 1980, defendants filed an appeal from that decision which has been docketed to the number and term of the present proceeding. At the time of filing their appeal, defendants took no steps to obtain a supersedeas as required by Pa.R.C.P.J.P. 1008B. Accordingly, plaintiffs then requested a writ of possession but the district justice declined to issue the writ because of the appeal.

The judgment entered by the district justice was for possession only and was not for any money judgment with costs being levied in the amount of $40.30 against defendants.

The sole issue before the court at this time is whether the district justice was in error in refusing to issue the writ of possession as a result of the appeal. It is quite clear from reading Pa.R.C.P.J.P. 1008 that an appeal from a justice of the peace proceeding does not act as a supersedeas when the appeal is from a judgment for possession of real property unless the appellant files with the prothonotary a bond with surety approved by the prothonotary conditioned for the payment of any judgment for rent and for damages growing out of occupancy of or injury to the premises rendered against the appellant on appeal. No attempt was made by defendants to comply with this provision and the within appeal accordingly does not operate as a supersedeas and plaintiffs are entitled to a writ of possession issued by the district justice regardless of the existence of the present appeal.

At the hearing held on this matter defendants orally offered to file reasonable security under the aforesaid rule. However, until such time as that proposal is made more specific and reduced to writing and approved by the court, the court does not believe it can permit the appeal to operate as a supersedeas in violation of existing rules. Plaintiff's present claim requests substantial past rental payments as damages, and the amount of any bond approved under Rule 1008B would have to reflect that fact.

## ORDER

And now, June 26, 1980, based upon the foregoing

memorandum, the court hereby finds defendants have not complied with the provisions of Pa.R.C.P.J.P. 1008B and accordingly, no supersedeas exists as to the issuance of a writ of possession by the district justice of the peace and it is therefore ordered that upon a proper request of plaintiffs that the district justice issue a writ of possession pursuant to the appropriate procedural rule.